*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DEMARCUS ALLEN-TROY MILES,

      Defendant-Appellant.

UNPUBLISHED
October 5, 2023

No. 350281
Oakland Circuit Court
LC No. 2018-267165-FC

ON REMAND

Before: MURRAY, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

This matter is before us on remand to reconsider the scoring of offense variable (OV) 1, MCL 777.31, in light of *People v Dupree*, 511 Mich 1; 993 NW2d 185 (2023).[1] The parties have filed supplemental briefs addressing the issue, and the matter is ripe for decision. We vacate defendant's sentence and remand for resentencing under recalculated guidelines.

The trial court assessed 25 points for OV 1. The variable is prescribed by MCL 777.31, which provides, in pertinent part:

> (1) Offense variable 1 is aggravated use of a weapon. Score offense variable 1 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> > (a) A firearm was discharged at or toward a human being or a victim was cut or stabbed with a knife or other cutting or stabbing weapon……………………………………………………….…25 points

---

[1] The plethora of other issues raised by defendant and rejected by this Court, see *People v Miles*, unpublished per curiam opinion of the Court of Appeals, issued October 21, 2021 (Docket No. 350281), are not the subject of the remand order. *People v Miles*, 991 NW2d 563 (2023).

* * *

(2) All of the following apply to scoring offense variable 1:

> (a) Count each person who was placed in danger of injury or loss of life as a victim.
>
> (b) In multiple offender cases, if 1 offender is assessed points for the presence or use of a weapon, all offenders shall be assessed the same number of points.

Importantly, for defendant's purposes, "due process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *People v Beck*, 504 Mich 605, 629; 939 NW2d 213 (2019). Defendant argues that under *Dupree*, he could not have been assessed 25 points for the discharge of a firearm because he was acquitted of felony-firearm, MCL 750.227b, and to that end, of discharging the firearm involved in this case.

In *Dupree*, the defendant was convicted of armed robbery, though video evidence of the robbery showed that he was not the offender who utilized the weapon. Instead, that individual had not been apprehended and, thus, was not prosecuted. *Dupree*, 511 Mich at 5. The trial court assessed 15 points for OV 1, and this Court affirmed, concluding that OV 1 was properly scored because (1) the statute does not require that the other offenders be identified or prosecuted for the "other offenders" to be scored, and (2) the defendant was convicted as an aider-and-abettor, and therefore statutorily (MCL 767.39) was equally responsible as the principal for carrying the weapon. *Id*. at 5-6. The Supreme Court disagreed, holding that because the defendant was not the offender possessing the gun during the robbery, and the other offenders were not scored under OV 1, neither could the defendant:

> The plain language of MCL 777.31(2)(b) and MCL 777.32(2) sets forth two conditions that must be satisfied before those provisions are triggered. The first condition is that the case is a "multiple offender case[ ]." The second condition is that "1 offender is assessed points" for possessing a weapon. Here, there were three offenders, which makes this a "multiple offender case," satisfying the first condition. However, defendant was the only person charged and convicted of armed robbery; no other offender has been charged or convicted, let alone assessed points for possessing a weapon. Therefore, the second condition, requiring another offender to have been assessed points for possessing a weapon, was not satisfied. Since defendant was the only person arrested, convicted, and assessed points under OVs 1 and 2, points could only be assessed under OVs 1 and 2 if he had possessed and/or used the weapon *himself*. There is no contention that he did so. Therefore, no points should have been assessed under OV 1 or OV 2. [*Id*. at 7.]

We conclude that under *Dupree*, defendant was improperly assessed 25 points for OV 1. Like *Dupree*, the first condition—that the case be a "multiple offender case"—is satisfied because some evidence showed that defendant's friend Justin Sumner was at the scene, and according to defendant, Sumner did the shooting. However, like *Dupree*, the second condition is not, i.e., that "1 offender is assessed points" for possessing a weapon. *Id*. Although in *Dupree* there was irrefutable video evidence that the defendant did not wield the gun during the robbery, here defendant was acquitted of felony-firearm, which means that the jury likely did not believe beyond

-2-

a reasonable doubt that he possessed the firearm.[2]  Given the second-degree murder verdict and the jury instructions on the aider-and-abettor theory, it is much more likely that the jury convicted defendant as an aider-and-abettor.  And if that is so, then the principal would have been Sumner, and he was not prosecuted.  Under *Dupree*, there being no other offender being assessed points under OV 1, defendant cannot be assessed either.[3]

Defendant's sentence is vacated and the matter is remanded for resentencing under recalculated guidelines.  We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Kathleen Jansen
/s/ Michael J. Riordan

---

[2] The prosecution argues that the jury possibly acquitted defendant of the felony-firearm count as a matter of leniency, rather than through a finding that he did not shoot the victim.  That is possible, see *People v Goss*, 446 Mich 587, 597-598; 521 NW2d 312 (1994), but the prosecution has offered nothing beyond speculation that the verdict was the result of leniency, *People v McKinley*, 168 Mich App 496, 510; 425 NW2d 460 (1988).  Additionally, the verdicts are consistent, and in fact the trial prosecutor argued that the jury *could* find defendant guilty of murder even if some jurors did not believe he was the shooter:  "Because if for some reason you believe anything that the Defendant said yesterday, his own words indicate he's an aider and abettor.  So, it's an "or" test.  So, some might feel you're—he's the shooter.  Some people on the jury would be very comfortable that he's at least the aider and abettor.  It really doesn't and the Judge will instruct you -- it really -- it really makes no difference under the law."  The same points were made when the trial prosecutor was arguing to the jury about second-degree murder and aiding and abetting—that if the jury believed defendant about Sumner being the shooter, he would still be guilty of murder.

[3] The prosecution argues that *Dupree* is inconsistent with the statute.  Even if we were to agree, we are powerless to ignore the binding precedent.